Glenn R. Kantor, Esq. - SBN 122643
 E-mail: gkantor@kantorlaw.net
Corinne Chandler, Esq. – SBN 111423
 E-mail: cchandler@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone:  (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff
RICHARD LINDY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD LINDY, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| v. | ) | **(1)    BREACH OF CONTRACT** |
| | ) | |
| UNION SECURITY INSURANCE | ) | **(2)    BREACH OF THE IMPLIED** |
| COMPANY, | ) | **COVENANT OF GOOD FAITH** |
| | ) | **AND FAIR DEALING** |
| Defendant. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |

Plaintiff Richard Lindy herein sets forth the allegations of his Complaint

against Defendant Union Security Insurance Company.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## PRELIMINARY ALLEGATIONS

1.     Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2.     Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3.     Plaintiff is informed and believes that Defendant Union Security Insurance Company (hereinafter "Union Security") is a corporation incorporated in and with its principal place of business in the State of Kansas, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4.     Plaintiff Richard Lindy is a resident and citizen of the city of Los Angeles, County of Los Angeles, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## UNION SECURITY INSURANCE COMPANY
## FOR BREACH OF CONTRACT

5.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6.     On or before January 1, 2000, Union Security issued a group short and long term disability insurance policy to the Trustees of the Independent School Group Life and Disability Insurance Trust, policy number 4,037,352. On or before January 1, 2001, Union Security issued to Plaintiff's employer, Centers of Learning, a certificate of insurance providing insurance to the employees of the Centers of Learning, participation number 45. *Centers of Learning* is a private ecumenical school which is run by the Church of the Living Word. The Church of the Living Word and the Centers of Learning are "Church Organizations" and as such are not governed by ERISA, but rather by California State Insurance Law.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7.     From the inception of the coverage afforded to the Centers of Learning by Union Security, the Plaintiff was a covered employee of the Church of the Living Word, and all premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid.  At all relevant times, Plaintiff has performed all obligations under the Policy on his part to be performed.

8.     For the year period from January 1, 2001, through October 2, 2013, the Plaintiff was an employee of the Church of the Living Word.  Mr. Lindy's compensation was determined annually at the beginning of the calendar year by the organization's Board of Directors.  At the end of each calendar year the Plaintiff received a letter from the organization confirming the disbursement of his annual predetermined compensation.

9.     In October 2013, the Plaintiff became totally disabled as the result of a liver condition which will likely require a liver transplant.  Thereafter, the Plaintiff submitted a disability claim to the Defendant.  The defendant, while conceding the Plaintiff was totally disabled, determined, without cause or supporting policy language, that because the Plaintiff and his employer classified his annual compensation as "parsonage," that it was not income as defined by the policy, and he was therefore ineligible to receive disability benefits.

10.     The Plaintiff appealed the denial, explaining to the Defendant that his parsonage equaled his compensation for the work he performed for the Church.  His appeal was denied.  On June 26, 2014, he filed a second appeal, providing additional information.  On June 30, 2014, the Defendant again denied his appeal, and advised him that he had no further appeals available, and his file was being closed.

11.     As a direct and proximate result of Union Security's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.

12.     Union Security's conduct constitutes a breach of the insurance contract between Union Security and Plaintiff.  Given the terms of the Short and Long Term

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Policy, the denial of Benefits constitutes a breach of the policy.  As a direct and proximate result of Union Security's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT UNION SECURITY INSURANCE COMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

13.     Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

14.     Union Security has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a)     Unreasonably withholding benefits from Plaintiff in bad faith at a time when Union Security knew Plaintiff was entitled to said full benefits under the Policy;

(b)     Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c)     Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d)     Unreasonably failing to properly investigate Plaintiff's claim;

(e)     Intentionally and unreasonably applying pertinent policy provisions so as to limit Union Security's financial exposure and contractual obligations and to maximize profits;

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(f)     Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing his full policy benefits.

15.     Plaintiff is informed and believes and thereon alleges that Union Security has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware.  Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

16.     As a proximate result of the aforementioned wrongful conduct of Union Security, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

17.     As a further proximate result of the aforementioned wrongful conduct of Union Security, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

18.     As a further proximate result of the aforementioned wrongful conduct of Union Security, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy.  Therefore, Union Security is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

19.     Union Security's conduct described herein was intended by Union Security to cause injury to Plaintiff, was despicable conduct carried on by Union Security with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Union Security with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Union Security.

20.    Union Security's conduct in wrongfully terminating and denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to his health and welfare.  Plaintiff is a disabled person within the meaning of California Civil Code § 3345, and as a consequence of Union Security's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Union Security as follows:

1.    Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $3,000.00 per month, plus interest, including prejudgment interest;

2.    General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3.    Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4.    A trebling of any punitive damages pursuant to California Civil Code § 3345;

5.    Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6.    Costs of suit incurred herein; and

7.    Such other and further relief as the Court deems just and proper.

DATED:    July 28, 2014              KANTOR & KANTOR, LLP

                              By:   */s/ Glenn R. Kantor*
                                    Glenn R. Kantor
                                    Corrine Chandler
                                    Attorneys for Plaintiff,
                                    RICHARD LINDY

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:        July 28, 2014                    KANTOR & KANTOR, LLP

                                        By:    */s/ Glenn R. Kantor*
                                               Glenn R. Kantor
                                               Corrine Chandler
                                               Attorneys for Plaintiff,
                                               RICHARD LINDY

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT